UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANOP SOUKSAVATH, et al.,<br><br>Defendants. | No. 1:10-cr-00462-NONE-3<br><br>ORDER DENYING REQUEST TO EXPUNGE CONVICTION OR REDUCE FELONY CONVICTION TO MISDEMEANOR<br><br>(Doc. No. 189) |

On June 24, 2011, defendant Manop Souksavath entered a plea of guilty to conspiracy to manufacture, to distribute, and to possess with the intent to distribute a 1,000 or more marijuana plants and/or 1,000 kilos or more of a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 as charged in count one of the indictment in this case. (Doc. No. 90.) Thereafter, on October 12, 2011, defendant Souksavath was sentenced to 26 months in custody followed by a 36 month term of supervised release. (Doc. No. 139.) (*Id.* at 2–3.)

Now pending before the court is defendant's September 15, 2021, *pro se* request to expunge his conviction or reduce his felony conviction to a misdemeanor. (Doc. No. 189.) In support of his request, defendant points to his good behavior and evidence of rehabilitation, and

/////

1

he further states that he is "having a hard time finding gainful employment due to the current charge being a felony."  (*Id.* at 2–3.)

Defendant argues that the court has the inherent authority to expunge his conviction and cites to, *inter alia*, the decision of *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). That case holds that district courts have ancillary jurisdiction over requests to expunge convictions only with respect to an unlawful arrest or conviction or to correct a clerical record:

> We agree with our sister circuits that district courts possess ancillary jurisdiction to expunge criminal records.  That jurisdiction flows out of the congressional grant of jurisdiction to hear cases involving offenses against the United States pursuant to 18 U.S.C. § 3231.  We do not agree, however, that a district court has the power to expunge a record of a valid arrest and conviction solely for equitable considerations.  In our view, a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error.

*Id.*

Here, defendant does not argue that his arrest or conviction were unlawful, nor does he argue that there was a clerical error.  Moreover, he does not seek relief under any statute.  Rather, he seeks equitable relief due to his difficulty in finding employment.  In *Sumner*, the Ninth Circuit concluded that district courts lack jurisdiction over such matters:

> Sumner has not cited, nor has our research disclosed, any statute in which Congress has empowered a district court to reopen a criminal case after its judgment has become final for the purpose of expunging a record of a valid arrest or conviction to enhance a defendant's employment opportunities.  We hold that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief.  The power to expunge a record of a valid arrest and conviction on equitable grounds must be declared by Congress. The Constitution prohibits federal courts from expanding their own subject matter jurisdiction.

*Id.* at 1015.  Based on this binding authority, the court finds that it lacks jurisdiction to expunge defendant's conviction as requested.  *See United States v. Hailey*, No. 01-cr-00128-JL-1(WHO), 2014 WL 2798378, at *2 (N.D. Cal. June 19, 2014) (denying motion to expunge conviction on equitable grounds for lack of jurisdiction based on the defendant's "arguments that he has served his country, improved his marriage, and fears his conviction could jeopardize future employment options" (citing *Sumner,* 226 F.3d at 1007–08)).

2

    Defendant also cites no authority for his request that the court reduce his federal felony conviction to a misdemeanor. Although such a procedure exists in relation to certain violations under California law, *see Ewing v. California*, 538 U.S. 11, 16 (2003) (discussing California "wobbler" offenses); *see also* California Penal Code § 1170.18(f) (permitting persons previously convicted of eligible California offenses and who have fully served their sentences to file a petition in the trial court to redesignate those convictions as misdemeanors), no such procedure exists in the federal criminal system. Defendant does not invoke any federal habeas corpus statute, and the court will not construe the pending request as a petition for a writ of habeas corpus. *Cf. Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) ("When the intent to bring a habeas petition is not clear, however, the district court should not convert a defective section 1983 claim into a habeas petition.").

    Accordingly, defendant's petition for relief from his conviction (Doc. No. 189) is DENIED.

IT IS SO ORDERED.

Dated: **September 22, 2021**

_____
UNITED STATES DISTRICT JUDGE

3